UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL MENDOZA SEMEJAR,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:26-cv-03031-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 1, 10).<br><br>FOURTEEN (14) DAY DEADLINE |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. *See* 28 U.S.C. § 636(b)(1)(B) (providing for issuance of proposed findings of fact and recommendations); Local Rule 302(c)(15) (referring final social security decisions for findings and recommendations).

Plaintiff presents the following issues for decision:

1. Whether the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction; and
2. Whether substantial evidence supports the ALJ's evaluation of Dr. Bobba's

prior administrative medical findings.

(ECF No. 11 at 12). Having reviewed the record, administrative transcript, parties' briefs, and applicable law, the Court recommends as follows.

# I. ANALYSIS

## a. Plaintiff's Subjective Complaints

Plaintiff first argues that the ALJ failed to offer specific, clear, and convincing reasons for discounting his allegations of pain and physical dysfunction. (ECF No. 11 at 12-22). Defendant argues substantial evidence supports the ALJ's assessment of the subjective evidence. (ECF No. 13 at 4-5). Plaintiff's reply maintains his argument that the ALJ's reasoning was not specific, clear, and convincing. (ECF No. 14 at 2-5).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (citation omitted); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of [claimant's] testimony is supported by substantial evidence under the clear-and-convincing standard.").

After considering the parties' arguments and applicable legal standards, the Court will recommend finding that the ALJ failed to provide legally sufficient reasons to discount Plaintiff's allegations of pain and physical dysfunction.

The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (A.R. 22). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

In formulating the RFC, the ALJ summarized Plaintiff's subjective complaints as follows:

> The claimant alleges an inability to work due to scoliosis, cerebral palsy, and a speech impediment (Exhibit 1E, p. 2). The claimant subsequently alleged his overall health has worsened (Exhibit 8E, p. 2).
>
> In his Function Report, the claimant stated he lives with family; his voice is difficult to understand; he cannot walk for a long period of time; he cannot sit down to put clothes on; he can warm up food to eat; he cleans his room and does his laundry; he can go out alone; he is able to drive, shop, and manage money; he can lift 30-35 pounds; he can walk 10-20 minutes; he handles stress "okay," and he uses a wheelchair (Exhibit 6E).
>
> The claimant testified he attends college and is studying accounting as a business major at Fresno State. He is a senior and expects to graduate in the Spring of 2025. He is able to walk independently and uses a cane at home, but the school transports him between classes. He sometimes gets help, but can walk on his own about 100 feet. He may walk with his hand on someone's shoulder for support. He does need to sit after about 30 minutes because he is tired and his feet hurt. He usually sits. He estimated he could stand 2.5 hours in a day because he gets tired. Prolonged use of his hands or heavy lifting can become painful. However, he is able to prepare simple meals, use utensils, and perform household chores. He is able to exercise a bit on the weekends. He can tend to his own personal hygiene, but has a bar in his restroom for support if needed.
>
> At his supplemental hearing, the claimant testified he has difficulty standing or walking for long periods and asserted he could do so for less than 5 minutes at a time after which he would either find a seat or move around a little. When he is at home, he uses a walking stick, but does not use an assistive device at school. He does not feel he can work because he becomes fatigued. He reported he has some difficulty with pushing or lifting.

(A.R. 22).

The ALJ then concluded that Plaintiff's allegations were not entirely consistent with the

medical evidence and other evidence in the record because "symptoms, including pain have not been described as highly severe and have been responsive to conservative care including physical therapy." (A.R. 24).

Plaintiff argues that "[t]hese reasons are not clear, convincing, or supported by the record." (ECF No. 11). The Court agrees.

Notably, the ALJ failed to identify any specific medical record that was inconsistent with any part of Plaintiff's testimony. Although the ALJ provided a summary of the evidence, he did not cite to any evidence in this statement to support discounting Plaintiff's subjective complaints. Nor did he identify any specific testimony that the ALJ found unconvincing.

Further, the minimal reasons the ALJ provided are not supported by substantial evidence. First, the ALJ states that Plaintiff's pain has "not been described as highly severe[.]" (A.R. 24). The ALJ appears to rely on Plaintiff's statement that he "feels well" on two occasions and rated his pain as a 3 out of 10 on another occasion in his summary of the medical record to support this conclusion. *See* (A.R. 23-24). However, the Court agrees with Plaintiff that the ALJ's reliance on Plaintiff's vague statement about "feeling well" during two visits fails to take into account his repeated reports of pain and abnormal examination findings, including an ataxic or unsteady gait, in the remainder of the record. *See e.g.* (A.R. 440, 771, 806-07, 811, 815, 818-20, 823-24, 877, 884, 896, 926). Similarly, the ALJ's reference to Plaintiff rating his pain as a 3 out of 10 on one occasion also ignores his testimony and reports in the medical record that his pain was intermittent, exacerbated by standing and walking, and reached a 6 or 7 out of 10. *See* (A.R. 447, 821-22, 824, 901, 905, 908, 911, 914). Moreover, neither Plaintiff's statement regarding "feeling well" or Plaintiff rating his pain a 3 out of 10 contradict any functional limitations, including Plaintiff's ability to stand or walk.

As for the ALJ's statement that Plaintiff's symptoms "have been responsive to conservative care including physical therapy," (A.R. 24), the Court agrees with Plaintiff that the ALJ failed to identify more aggressive treatment he could have underwent for his cerebral palsy or to otherwise treat his conditions, which is particularly notable given the ALJ's acknowledgement that Plaintiff's impairments of cerebral palsy and scoliosis are "typically

progressive." (A.R. 29). The ALJ's summary of the record negates his statement that Plaintiff's symptoms were responsive to physical therapy, as the decision notes multiple treatment attempts through physical therapy and that despite treatment, "given the extent of [Plaintiff's] scoliosis and spasticity from cerebral palsy," Plaintiff's treating providers determined that it was "reasonable to anticipate exacerbation of his back pain in the future, at which time he may require additional physical therapy." (A.R. 23-24) (citation omitted). Thus, although Plaintiff reported improvement in his pain with physical therapy, the record does not support rejecting Plaintiff's testimony because any improvement was temporary and minimal.

Accordingly, the Court recommends finding that the ALJ failed to provide legally sufficient reasons to reject Plaintiff's subjective complaints.

**b. Prior Administrative Medical Findings**

Plaintiff also argues that substantial evidence does not support the ALJ's assessment of the prior administrative medical findings of Dr. Bobba, a state agency medical consultant. (ECF No. 11 at 22-24). Defendant argues that substantial evidence supports the ALJ's assessment. (ECF No. 13 at 6-7). Plaintiff's reply maintains his argument that the ALJ's assessment was not supported by substantial evidence. (ECF No. 14 at 5-7).

ALJs must evaluate medical opinions under certain guidelines for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also* (A.R. 17). These regulations set "supportability" and "consistency" as "the most important factors" when determining an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assignment of specific "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b). Moreover, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). In conjunction with this requirement, "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and

consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Id.* at 792.

The ALJ addressed Dr. Bobba's opinion as follows:

> On reconsideration, the Disability Determination Service medical consultant, Dr. L. Bobba, M.D., affirmed Dr. McGuffin's conclusions that the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; push and pull within the weight limits of lifting and carrying; sit about 6 hours in an 8-hour workday with normal breaks; and stand and/or walk about 6 hours in an 8-hour workday with normal breaks. He could occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He could occasionally balance, stoop, kneel, crouch, and crawl. However, Dr. Bobba also asserted the claimant would need to use a hand-held assistive device for ambulation over long distances and on uneven terrain. In addition, the claimant must avoid concentrated exposure to workplace environmental hazards (e.g., machinery, heights, etc.). Dr. Bobba noted the updated evidence supported the adjusted [RFC] due to reports that he uses a wheelchair when he leaves the house, but is able to ambulate short distances on his own. For example, he will use the wheelchair when he goes out shopping (Exhibit 3A).
>
> This opinion is generally persuasive as they align with the overall record, and are generally consistent with the examining opinion of Dr. Van Kirk at (9F). While the opinion at the initial level of review does not note the need for a cane, which is consistent with the overall record and the claimant's testimony. Thus, the Disability Determination Service opinions for a range of light work, occasional postural activities and including the workplace preclusions to extremely cold temperatures, work at unprotected heights, and work around machinery with dangerous moving mechanical parts are entirely consistent with the evidence and align with Dr. Van Kirk's opinion. Specifically, Dr. Bobba's assertion the claimant needs an assistive device for ambulation over long distances or on uneven terrain is not consistent with the overall record and testimony.

(A.R. 24-25).

Plaintiff's main argument concerns the ALJ discounting Dr. Bobba's finding that Plaintiff requires an assistive device. The Court agrees with Plaintiff that substantial evidence does not support the ALJ's conclusion regarding Plaintiff's need for an assistive device for ambulation over long distances or uneven terrain. The ALJ appears to rely on Plaintiff's testimony that he did not require an assistive device while at college, (A.R. 22, 28), but the ALJ ignores Plaintiff's testimony that he did not need an assistive device at college because his school provided him transportation on a golf cart between classes and a security guard to help him walk to class from the golf cart, (A.R. 44-45, 47). Moreover, the ALJ does not cite to any contradictory evidence to

support this conclusion or to discredit Plaintiff's testimony that he required assistance when walking more than 100 feet or used a wheelchair for long distances. (A.R. 44-46).

Accordingly, the Court recommends finding that the ALJ erred in its determination of the persuasiveness of Dr. Bobba's prior administrative medical findings.

## II. REMEDY

Plaintiff requests the Court remand his claim for the payment of benefits or further administrative proceedings. (ECF No. 11 at 25). Defendant argues that if the Court finds reversible error, remand for further administrative proceedings is the proper remedy. (ECF No. 13 at 7).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test, with each of the following parts of the test needing to be satisfied to remand for benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even if all these parts are met, the Court may still remand when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. Notably, remand for further proceedings is the "ordinary" requirement whereas a remand for payment of benefits is the rare exception. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the Court finds a remand for further proceedings is appropriate. On remand, the ALJ should credit Plaintiff's subjective symptom testimony and the limitations from Dr. Bobba's prior administrative medical findings in reformulating the RFC and proceeding with the remaining steps.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. The decision of the Commissioner of the Social Security Administration be reversed and remanded for further proceedings; and
2. The Clerk of Court be directed to enter judgment in favor of Plaintiff and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE